1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASHINGTON STATE ALLIANCE FOR RETIRED AMERICANS, | Case No. 3:23-cv-06014-TMC |
| Plaintiff, | ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT AND DECREE |
| v. | |
| STEVE HOBBS, in his official capacity as Washington State Secretary of State; MARY HALL, in her official capacity as Thurston County Auditor; JULIE WISE, in her official capacity as King County Elections Director, | |
| Defendants. | |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.     ORDER

Before the Court is the parties' joint motion to enter a proposed consent decree. Dkt. 35. All parties to the lawsuit—Plaintiff Washington State Alliance for Retired Americans, Defendant Steve Hobbs (the Washington Secretary of State), Defendant Mary Hall (the Thurston County Auditor), and Julie Wise (the King County Elections Director)—join in the request.

ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT AND DECREE - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Washington State Alliance for Retired Americans brought this lawsuit to challenge "Washington State's requirement that a registrant or voter must reside at their Washington state address for at least 30 days before election day" as a violation of both the Voting Rights Act Amendments of 1970 and the First and Fourteenth Amendments to the U.S. Constitution. Dkt. 35 at 2. Plaintiff argues that this durational residency requirement is unlawful "because it prohibits any voter who has moved into or within the state within 30 days of an election from registering and voting at their address despite the fact that the State does not currently impose a durational registration requirement on voters." *Id.* at 3.

To resolve the litigation, Defendants have agreed to entry of the consent decree, under which "registrants will no longer be required to attest, under penalty of perjury, that they have resided at their Washington address for at least 30 days immediately before the next election." *Id.* at 3. The consent decree sets out changes Defendants have agreed to make to Washington's voter registration forms, computerized voter registration applications, and printed and online guidance on voter eligibility and registration. *See* Dkt. 35-1 at 7–8. It also enjoins "Defendants, their officers, agents, employees, and all other persons acting at their direction" from either distributing material "indicating that registrants and voters must reside at their current Washington state address for at least thirty days before election day" or "denying registrants and voters the right to register or right to vote in any election on the basis that the registrant or voter has not resided at their current address . . . for at least thirty days before election day." *Id.* at 8. Defendants have agreed to make these changes beginning with the November 2024 election so long as the consent decree is entered before August 1, 2024. *Id.* at 8–9.

"A district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A consent decree must "spring

from and serve to resolve a dispute within the court's subject-matter jurisdiction," come "within the general scope of the case made by the pleadings," and "must further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 525 (1986). The Court also considers whether the proposed consent decree is in the public interest. *See United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990).

The Court finds that the proposed consent decree meets these requirements. The consent decree resolves the dispute that prompted this litigation (over which this Court has federal-question jurisdiction) and it furthers the objectives of the Voting Rights Act and the Constitution by seeking to ensure that Washington's voter registration requirements comply with federal law. This objective also serves the public interest.

The Court therefore GRANTS the joint, unopposed motion (Dkt. 35) to enter the proposed consent decree (Dkt. 35-1). The consent decree will be entered concurrently with this Order and will serve as a final judgment under Federal Rules of Civil Procedure 54 and 58.

Dated this 15th day of March, 2024.

Tiffany M. Cartwright
United States District Judge