UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON STATE ALLIANCE FOR RETIRED AMERICANS,<br><br>Plaintiff,<br><br>v.<br><br>STEVE HOBBS, in his official capacity as Washington State Secretary of State, MARY HALL, in her official capacity as Thurston County Auditor, and JULIE WISE, in her official capacity as King County Elections Director,<br><br>Defendants. | Case No. 3:23-cv-06014<br><br>CONSENT JUDGMENT AND DECREE |

Plaintiff the Washington State Alliance for Retired Americans (the "Alliance"); Defendants Steve Hobbs, in his official capacity as Washington Secretary of State; Mary Hall, in her official capacity as Thurston County Auditor; and Julie Wise, in her official capacity as the King County Elections Director (the "Parties") stipulate the following and request that the Court approve this Consent Judgement and Decree. This Consent Judgment and Decree encompasses the Alliance's claims that the state's 30-day pre-election durational residency requirement imposed on registrants and voters, codified at RCW 29A.08.230, RCW 29A.08.210, RCW 29A.08.420,

CONSENT JUDGMENT AND DECREE - 1

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

RCW 29A.40.091(2), and WAC 434-230-015(3)(c), violates Section 202(c) of the Voting Rights Act Amendments of 1970 ("VRA"), 52 U.S.C. § 10502(c), and the First and Fourteenth Amendments to the U.S. Constitution, U.S. Const. amends. I, XIV.

## I.     RECITALS

**WHEREAS** on November 7, 2023, the Alliance filed a complaint, and on November 20, filed an amended complaint, against Steve Hobbs in his official capacity as Washington Secretary of State, Mary Hall in her official capacity as Thurston County Auditor, and Julie Wise in her official capacity as King County Elections Director, alleging that the requirement that a registrant or voter has resided at their Washington state address for at least 30-days before election day, as codified at RCW 29A.08.230, RCW 29A.08.210, RCW 29A.08.420, RCW 29A.40.091(2), and WAC 434-230-015(3)(c) (collectively, the "Durational Residency Requirement"), violates Section 202(c) of the Voting Rights Act Amendments of 1970 ("VRA"), 52 U.S.C. § 10502, and the First and Fourteenth Amendments to the U.S. Constitution;

**WHEREAS** the Alliance seeks to enjoin enforcement of the Durational Residency Requirement, including as applied in the oaths administered on Washington voter registration forms, RCW 29A.08.230, RCW 29A.08.210, RCW 29A.08.420, mail ballot security envelopes, RCW 29A.40.091(2), and declarations accompanying all ballots, WAC 434-230-015(3)(c);

**WHEREAS** Section 202 of the Voting Rights Act explicitly prohibits any durational residency requirement with regard to presidential elections, providing that: "No citizen of the United States who is otherwise qualified to vote in any election for President and Vice President shall be denied the right to vote . . . in such election because of the failure of such citizen to comply with any durational residency requirement of such State or political subdivision." 52 U.S.C. § 10502(c);

CONSENT JUDGMENT AND DECREE - 2

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

**WHEREAS** the Washington State Legislature adopted same-day voter registration, eliminating any requirement that voters be registered for any particular duration of time before voting in Washington State ("durational registration requirement"). 2018 Wash. Laws, ch. 112. As a result of this change, Washington residents who have lived at a particular address longer than 30 days do not have to meet any durational limits to vote, while new residents must meet the 30-day Durational Residency Requirement;

**WHEREAS** durational residency requirements are unconstitutional under the Fourteenth Amendment of the U.S. Constitution when the State does not also impose a durational registration requirement of at least equal length. *See Dunn v. Blumstein*, 405 U.S. 330 (1972); *Marston v. Lewis*, 410 U.S. 679 (1973); *Burns v. Fortson*, 410 U.S. 686 (1973);

**WHEREAS** Defendant Steve Hobbs is the Secretary of State of Washington and is "the chief election officer for all federal, state, county, city, town, and district elections," RCW 29A.04.230, and is responsible for administering federal and state elections, RCW 43.07.310, producing voter registration applications and furnishing them to county election officials, RCW 29A.08.260(1), and promulgating rules governing "voter registration applications and records," "[t]he use of voter registration information in the conduct of elections," and "the format of all voter registration applications," RCW 29A.04.611(15), (16); RCW 29A.08.220(1);

**WHEREAS** Defendant Mary Hall is the Auditor in Thurston County (a noncharter county), and Defendant Julie Wise is the Elections Director for King County (a charter county), and Ms. Hall and Ms. Wise serve as their respective county's election official who maintains voter registration and conducts elections. *See, e.g.*, RCW 29A.04.025 ("'County auditor' means the county auditor in a noncharter county or the officer, irrespective of title, having the overall responsibility to maintain voter registration and to conduct state and local elections in a charter

CONSENT JUDGMENT AND DECREE - 3

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

county."); RCW 29A.04.216 ("The county auditor of each county shall be ex officio the supervisor of all primaries and elections, general or special, and it shall . . . provide the supplies and materials necessary for the conduct of elections . . . ."); RCW 29A.08.260(2) (county election officials are responsible for distributing voter registration forms); RCW 29A.40.091 (county election officials are responsible for sending ballots and security envelopes to voters); King County Charter § 350.20.50.

**WHEREAS** the Parties have conferred and agreed that it is in the Parties' best interest and in the interest of judicial economy to resolve this lawsuit without protracted and costly litigation. The Secretary further agrees that this Consent Judgment will avoid significant litigation expenses at public expense, including significant potential liability for attorneys' fees and costs that can be recovered by a successful plaintiff in a federal civil rights lawsuit;

**NOW, AND THEREFORE**, upon consent of the Parties, in consideration of the mutual recitals and consideration contained in this Consent Judgment and Decree, including relinquishment of certain rights, the Parties hereby stipulate and agree as follows:

## II.   JURISDICTION AND VENUE

This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1343. Venue is proper under 28 U.S.C. § 1391(b) because (1) all Defendants are residents of Washington, in which this judicial district is located, and (2) a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## III.   PARTIES

This Consent Judgment and Decree applies to and is binding upon the following parties:

a)   Steve Hobbs, in his official capacity as the Washington Secretary of State;

b)   Mary Hall, in her official capacity as the County Auditor in Thurston County;

CONSENT JUDGMENT AND DECREE - 4

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

c)  Julie Wise, in her official capacity as the Elections Director for King County;

d)  The Washington State Alliance for Retired Americans.

### IV.    SCOPE OF CONSENT JUDGMENT AND DECREE

1. This Consent Judgment and Decree constitutes a settlement and resolution of the Alliance's claims against Defendants. The Alliance recognizes that, by signing this Consent Judgement and Decree, it is releasing its claims. The Alliance's release of claims will become final upon the effective date of this Consent Judgment and Decree.

2. The Parties to this Consent Judgment and Decree further acknowledge that by signing this Consent Judgment and Decree, the Parties do not release or waive the following: (i) any claims or defenses that are not encompassed by the allegations filed by the Alliance in this lawsuit; and (ii) any right to institute legal action for the purpose of enforcing this Consent Judgement and Decree or defenses thereto.

3. By entering into this Consent Judgment and Decree, the Alliance is fully settling a disputed matter between itself and Defendants. The Parties are entering into this Consent Judgment and Decree for the purpose of resolving disputed claims, avoiding the burdens and costs associated with litigating this matter through final judgment, and ensuring that the fundamental right to vote is protected.

### V.    INJUNCTIVE RELIEF

Therefore, with the consent of the Parties, IT IS HEREBY ORDERED, ADJUGED, AND DECREED, for the reasons stated above:

1. Washington's Durational Residency Requirement, including as applied in the oaths administered on Washington voter registration forms, RCW 29A.08.230 and RCW 29A.08.210(13), violate Section 202(c) of the Voting Rights Act, 52 U.S.C. § 10502(c), as applied

CONSENT JUDGMENT AND DECREE - 5

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

to voting for the Offices of President and Vice President, and the Fourteenth Amendment of the U.S. Constitution, U.S. Const. amend. XIV, because it prohibits any voter who has moved into or within the state within 30 days of an election from registering and voting at their address when the State does not currently impose a durational registration requirement on voters.

2. Provided that the Effective Date of this Consent Judgment and Decree is no later than August 1, 2024, Defendants shall take the actions specified in paragraphs 3 through 8 in advance of the November 2024 elections as soon as practicable. If the Effective Date is after August 1, 2024, Defendants shall take timely steps as stated in paragraphs 3 through 8 before the next election following the November 2024 election, including any statewide primary, general, or special election.

3. The Secretary of State's Office shall amend the state's voter registration form and any electronic or computerized voter registration applications authorized by RCW 29A.08.123,[1] to exclude any required attestations that mention the state's requirement that the voter has satisfied the state's 30-day durational residency requirement, including but not limited to the following attestation currently found on the Washington state voter registration form: "I will have lived at this address in Washington for at least 30 days immediately before the next election at which I vote." Defendants are not prohibited from including an attestation that a person is a resident of Washington. Defendants shall not be obligated to collect paper-copy voter registration forms that have been distributed before the date of this Consent Decree and Judgment.

4. Defendants shall remove mention of any requirement that a voter is only eligible to vote in Washington if that individual has lived at the voter's address for at least 30 days before Election Day in any printed or online material disseminated by any Defendant to facilitate voter registration

---

[1] RCW 29A.08.123 becomes effective July 15, 2024.

CONSENT JUDGMENT AND DECREE - 6

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

and voting. This includes, but is not limited to, mentions in any guidance distributed by Defendants on voter registration and voting, as well as mentions on the Washington Secretary of State's website listing voter eligibility, *Voter Eligibility*, Wash. Sec'y of State (available at https://www.sos.wa.gov/elections/voters/voter-eligibility-resources/voter-eligibility), and Washington's online voter registration application, *Washington State Online Voter Registration*, VoteWA (available at https://olvr.votewa.gov/).

5. The Secretary of State's Office shall direct county election officials regarding the requirements to make changes to the oaths and registration forms as stated in this Consent Judgment and Decree.

6. The Secretary of State's Office shall advise the Department of Licensing regarding changes to the state's oaths and registration forms as stated in this Consent Judgment and Decree to facilitate changes on websites and materials accessible to the public.

7. Defendants, their officers, agents, employees, and all other persons acting at their direction are hereafter enjoined from distributing any written or online guidance or material indicating that registrants and voters must reside at their current Washington state address for at least thirty days before election day.

8. Defendants, their officers, agents, employees, and all other persons acting at their direction are hereafter enjoined from denying registrants and voters the right to register or right to vote in any election on the basis that the registrant or voter has not resided at their current address to vote for at least thirty days before election day.

9. If the Effective Date of this Consent Judgment and Decree is no later than August 1, 2024, this Consent Judgment and Decree shall apply to all primary, general, special, federal, state, and local elections, without exception, beginning in November 2024, and shall continue to apply

CONSENT JUDGMENT AND DECREE - 7

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

to subsequent elections, as long as the State does not impose a durational registration requirement to vote. If the Effective Date is after August 1, 2024, this Consent Judgment and Decree shall apply to all primary, general, special, federal, state, and local elections, following the November 2024 election, and shall continue to apply to subsequent elections, as long as the State does not impose a durational registration requirement to vote. If the State changes its law to impose a durational registration requirement, Defendants shall not be enjoined from imposing a new durational residency requirement that is equal to or less than the days of that new durational registration requirement, subject to Plaintiff's rights reserved in Paragraph 2 in the "Scope of Consent Judgment and Decree" section above.

10. Except as inconsistent with or specifically altered by the terms of Consent Judgment and Decree, all State and local laws shall continue to govern elections in Washington.

11. All Parties shall bear their own costs, expenses, and attorneys' fees in this case.

## VI.   ENFORCEMENT AND RESERVATION OF REMEDIES

1. The Parties to this Consent Judgment and Decree may request relief from this Court if issues arise concerning the interpretation of this Consent Judgment and Decree that cannot be resolved through the process described below. This Court specifically retains continuing jurisdiction over the subject matter hereof and the Parties hereto for the purposes of interpreting, enforcing, or modifying the terms of this Consent Judgment and Decree, until this Consent Judgment and Decree is terminated. The Parties may apply to this Court for any orders of other relief necessary to construe or effectuate this Consent Judgment and Decree or seek informal conferences for direction as may be appropriate. The Parties shall attempt to meet and confer regarding any dispute prior to seeking relief from the Court.

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

2. If any Party believes that another Party has not complied with the requirements of this Consent Judgment and Decree, it shall notify the other Parties of the noncompliance by emailing the Parties' counsel. Absent exigent circumstances, notice shall be given at least thirty business days prior to initiating any action or filing any motion with the Court. If exigent circumstances arise, such as noncompliance that occurs within four weeks of an election deadline related to the Alliance's claims in this case, notice shall be given at least three business days prior to initiating any action or filing any motion with the Court. Prior to initiating any action or filing any motion with the Court to enforce compliance, the Parties shall meet and confer regarding the allegation of noncompliance.

3. This Consent Judgment and Decree may be modified by a written agreement signed by all Parties which shall be effective upon approval by the Court. It may also be modified by the Court upon motion by a Party pursuant to Federal Rule of Civil Procedure 60(b). Such motion may be brought at any time prior to the expiration of this Consent Judgment and Decree notwithstanding Federal Rule of Civil Procedure 60(c). Absent exigent circumstances, if any Party intends to bring a motion to modify this Consent Judgment and Decree, it shall notify the Parties by emailing the Parties' counsel at least thirty business days prior to bringing a motion. If exigent circumstances arise, such as the need for amendment of the Consent Judgment and Decree within four weeks of an election deadline related to the Alliance's claims in this case, notice shall be given at least three business days prior to initiating any amendment motion with the Court. Prior to bringing any motion to modify this Consent Judgment and Decree, the Parties shall meet and confer regarding the request for modification.

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

4. Unless and until the legislature eliminates the Durational Residency Requirement, the Consent Judgment and Decree shall remain in effect, with the Parties agreeing to a meet and confer upon the enactment of any legislation that touches upon the Durational Residency Requirement.

## VII.   GENERAL TERMS

**1. Voluntary Agreement.** The Parties acknowledge that no person has exerted undue pressure on them to enter into this Consent Judgment and Decree. Every Party is voluntarily choosing to enter into this Consent Judgment and Decree because of the benefits that are provided under the agreement. The Parties acknowledge that they have read and understood the terms of this Consent Judgment and Decree; they have been represented by legal counsel; and they are voluntarily entering into this Consent Judgment and Decree to resolve the dispute among them.

**2. Severability.** The provisions of this Consent Judgment and Decree shall be severable, and, should any provisions be declared by the court of competent jurisdiction to be unenforceable, the remaining provisions of this Consent Judgment and Decree shall remain in full force and effect.

**3. Agreement.** This Consent Judgment and Decree is binding. The Parties acknowledge that they have been advised that (i) no other Party has a duty to protect their interest or provide them with information about their legal rights, (ii) signing this Consent Judgment and Decree may adversely affect their legal rights, and (iii) they should consult an attorney before signing this Consent Judgment and Decree if they are uncertain of their rights.

**4. Entire Agreement.** This Consent Judgment and Decree constitutes the entire agreement between the Parties relating to the constitutionality and legality of Washington's durational residency requirements, as discussed above. No Party has relied upon any statements, promises, or representations that are not stated in this document. No changes to this Consent Judgment and Decree are valid unless they are in writing, identified as an amendment to this Consent Judgment

CONSENT JUDGMENT AND DECREE - 10

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

and Decree, and signed by all Parties. There are no inducements or representations leading to the execution of this Consent Judgment and Decree except as herein explicitly contained. The Parties have participated, and had an equal opportunity to participate, in the drafting and approval of drafting of this Consent Judgment and Decree. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

**5. Warranty.** The persons signing this Consent Judgment and Decree warrant that they have full authority to enter into this Consent Judgment and Decree on behalf of the Party each represents, and that this Consent Judgment and Decree is valid and enforceable as to that party.

**6. No Admissions.** Nothing in this Consent Judgment and Decree shall be construed as an admission of wrongdoing by the Defendants or shall be admissible as evidence of liability in any other action other than to enforce this Consent Judgment and Decree.

**7. Counterparts.** This Consent Judgment and Decree may be executed in multiple counterparts, which shall be construed together as if one instrument. Any Party shall be entitled to rely on an electronic or facsimile copy of a signature as if it were an original.

**8. Effective Date.** This Consent Judgment and Decree is effective upon the date it is entered by the Court.

CONSENT JUDGMENT AND DECREE - 11

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

**THE PARTIES ENTER INTO AND APPROVE THIS CONSENT JUDGMENT AND DECREE AND SUBMIT IT TO THE COURT SO THAT IT MAY BE APPROVED AND ENTERED. THE PARTIES HAVE CAUSED THIS CONSENT JUDGMENT AND DECREE TO BE SIGNED ON THE DATES OPPOSITE THEIR SIGNATURES.**

**The Washington State Alliance for Retired Americans**

Dated: March 8, 2024

*/s/ Abha Khanna*
Abha Khanna, WSBA No. 42612

*/s/ Ben Stafford*
Ben Stafford, WSBA No. 39849

ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0176
akhanna@elias.law
bstafford@elias.law

*/s/ Marilyn Gabriela Robb*
Marilyn Gabriela Robb

*/s/ Tina Meng Morrison*
Tina Meng Morrison

*/s/ Mark R. Haidar*
Mark R. Haidar

ELIAS LAW GROUP LLP
250 Massachusetts Ave, N.W., Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
mrobb@elias.law
tmengmorrison@elias.law
mhaidar@elias.law

*Attorneys for Plaintiff The Washington State Alliance for Retired Americans*

CONSENT JUDGMENT AND DECREE - 12

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
(206) 656-0176

|   |   |
|---|---|
|   | **STEVE HOBBS, Washington State Secretary of State** |
|   | ROBERT W. FERGUSON<br>Attorney General |
| Dated: March 8, 2024 | */s/ Tera M. Heintz*<br>TERA M. HEINTZ, WSBA 54921<br>KARL D. SMITH, WSBA 41988<br>  *Deputy Solicitors General*<br>WILLIAM MCGINTY, WSBA 41868<br>  *Assistant Attorney General*<br>1125 Washington Street SE<br>PO Box 40100<br>Olympia, WA  98504-0100<br>(360) 664-2510<br>Tera.Heintz@atg.wa.gov<br>Karl.Smith@atg.wa.gov<br>William.McGinty@atg.wa.gov<br><br>*Attorneys for Defendant*<br>*Secretary of State Steve Hobbs* |
|   | **MARY HALL, Thurston County Auditor** |
|   | JON TUNHEIM<br>Thurston County Prosecuting Attorney |
| Dated: March 8, 2024 | */s/ Karen Horowitz*<br>KAREN HOROWITZ, WSBA #40513<br>Senior Deputy Prosecuting Attorney<br>Civil Division - Building No. 5<br>2000 Lakeridge Drive SW<br>Olympia, WA 98502<br>Phone: (360)786-5574<br>Karen.horowitz@co.thurston.wa.us<br><br>*Attorney for Defendant Mary Hall, Thurston County Auditor* |

CONSENT JUDGMENT AND DECREE - 13

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

| | |
|---|---|
| | **JULIE WISE, King County Elections Director** |
| | LEESA MANION (she/her)<br>King County Prosecuting Attorney |
| Dated: March 8, 2024 | */s/ Ann Summers*<br>ANN SUMMERS, WSBA #21509<br>Senior Deputy Prosecuting Attorney<br>701 5th Avenue, Suite 600<br>Seattle, WA 98104<br>Phone: (206) 477-1120<br>ann.summers@kingcounty.gov |
| | *Attorney for Defendant Julie Wise, King County Elections Director* |

CONSENT JUDGMENT AND DECREE - 14

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176

**It is so ORDERED. Judgment shall be ENTERED in accordance with the foregoing Consent Judgment and Decree.**

Dated this 15th day of March, 2024.

_____
Tiffany M. Cartwright
United States District Judge

CONSENT JUDGMENT AND DECREE - 15

**Ben Stafford**
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176